UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:21CR073 |
| RAMON HERNANDEZ, et. al. | : | Judge Dlott |
| Defendant, | : | |

### ENDS OF JUSTICE ORDER AND ORDER GRANTING RETESTING OF DRUGS

This matter is before the Court on the joint request of the Defendants for an Order Permitting Retesting of Drugs and a request to continue the case pending the retesting. The United States does not object to the motion.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c).

Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by [continuing the trial] outweigh the best interest of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant [such] a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a continuance . . . would deny counsel . . . the reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(i), (iv). A Court may exclude a plea negotiation period from the Speedy Trial Act

calculation pursuant to § 3161(h)(7) if the Court concludes that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. United States v. White, 920 F.3d 1109 (6th Cir. 2019).

The Court is satisfied that all Counsel are exercising due diligence in this matter, but Defendant must be permitted additional time to have the alleged narcotics submitted for an additional drug testing, review the results of said analysis, and either finalize a plea agreement or prepare for trial. See United States v. Daniels, No. 3:08-CR-164, 2009 WL 212158 (E.D. Tenn. Jan. 29, 2009) (granting defendant's unopposed motion for continuance to test purity level of narcotics and finding period of time required to do so fully excludable under the Speedy Trial Act). Therefore, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv), the ends of justice served by granting a continuance outweigh the best interest of the public and Defendant to a speedy trial.

The defense has retained the services of Larry Dehus of Law-Science Technologies, Inc. to conduct the drug testing in this case. Mr. Dehus will travel to Cincinnati and be permitted by the government to access to the seized alleged drugs in this case, to weigh the total amount of drugs, and to take an appropriate sample from each kilogram quantity in order to conduct drug identification testing at the Law-Science Technologies, Inc. lab. After completion of the testing, Law-Science Technologies, Inc. shall retain any of the substances that were not consumed during the forensic testing until the completion of this case, and then destroy such substances in compliance with applicable law.

**IT IS SO ORDERED.**

*Susan J. Dlott*
Judge Susan Dlott
United States District Judge